UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LUWANA MCBRIDE,

Plaintiff,

v.

MISSOURI HIGHER EDUCATION (MOHELA), et al.,

Defendants.

Case No. 26-cv-04046-JST

**ORDER GRANTING MOTION TO DISMISS**

Re: ECF No. 11

Before the Court is Defendants Equifax Information Services LLC and Experian Information Services LLC's motion to dismiss. ECF No. 11. The Court will grant the motion.

## I. BACKGROUND

McBride brings this Fair Credit Reporting Act ("FCRA") case against Defendants United States Department of Education, Missouri Higher Education ("MOHELA"), Equifax Information Services LLC, Experian Information Services LLC, and Transunion Information Services LLC. ECF No. 1. She alleges that Defendants have continued to publish false information regarding student loans that she took out in connection with her enrollment at ITT Technical Institute even though she disputes the loans. *Id.* ¶¶ 1–3. McBride alleges that she took out the loans based on ITT's misrepresentations that Pell Grants would offset her loan obligations and "attendance and academic performance would result in upwardly mobile employment opportunities." *Id.* ¶ 15. ITT subsequently ceased operations and entered Chapter 7 bankruptcy following federal investigations." *Id.* ¶ 17. McBride has submitted disputes to the CRAs repeatedly between 2019 and 2025. *Id.* ¶ 21.

McBride file her complaint on May 4, 2026 along with an ex parte motion for a temporary restraining order. ECF Nos. 1, 5. She brings claims for violation of FCRA, 15 U.S.C. §1681e(b),

United States District Court
Northern District of California

against all defendants; failure to conduct a reasonable investigation, 15 U.S.C. §1681i, against all defendants; furnisher liability, 15 U.S.C. §1681s-2(b), against MOHELA; and violation of the Administrative Procedure Act, 5 U.S.C. §706, against the Department of Education. *Id.*

The Court denied the motion for a TRO on May 6, 2026. ECF No. 9. Defendant Equifax filed a motion to dismiss on June 8, 2026. ECF No. 11. Defendant Experian filed a notice of joinder in the motion on June 12, 2026. ECF No. 18 at 2. McBride filed a motion for leave to file an out-of-time opposition, which the Court granted. ECF Nos. 19, 20, 23. Equifax and Experian filed a reply on July 17, 2026. ECF No. 24.

## II. JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1331.

## III. LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Factual allegations need not be detailed, but the facts must be "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In determining whether a plaintiff has met the plausibility requirement, a court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the plaintiff. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). In so doing, "a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (emphasis omitted).

## IV. DISCUSSION

McBride brings two claims against credit reporting agencies ("CRA") Equifax and

Experian under the Federal Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681. ECF No. 1 ¶¶ 28–30. McBride asserts a claim under 15 U.S.C. § 1681e(b) for failure to correct inaccurate information after notice of a dispute and a claim under 15 U.S.C. § 1681i for failure to conduct a reasonable reinvestigation. *Id.* ECF No. 11 at 3. Experian and Equifax argue that McBride's claims against them fail because she has not identified any information in their reports that was inaccurate. *Id.* at 4–5. In opposition, McBride argues that her FCRA claims are sufficiently pleaded by pointing to allegations that the credit agencies continued reporting information about her loans even though she disputed the validity of the loans and filed borrower defense applications. ECF No. 20 at 6. She also references an extensive documentary chronology allegedly filed with the complaint. *Id.* at 7.

In fact, the exhibits, documentary records, chronology, and "CFPB Complaint" McBride refers to were not attached to the complaint, submitted with McBride's opposition to the motion, or otherwise provided to the Court. The Court cannot consider documents it doesn't have. The Court will therefore limit its review to the allegations of the complaint. "On a motion to dismiss, the Court only considers facts pled in the complaint." *Bagley v. City of Sunnyvale*, No. 16-CV-02250-LHK, 2017 WL 344998, at *18 (N.D. Cal. Jan. 24, 2017).

Turning now to those allegations, the FCRA states that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). It further provides that:

> [I]f the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, . . . the agency shall, free of charge conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer.

15 U.S.C. § 1681i(a)(1)(A). However, "to sustain either a § 1681e or a § 1681i claim, a consumer must first make a prima facie showing of inaccurate reporting by the CRA." *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018) (quotation omitted); *Messano v. Experian Info.*

*Sols., Inc.*, 251 F. Supp. 3d 1309, 1313 (N.D. Cal. 2017) ("To assert a claim against a CRA for failure to conduct a reasonable reinvestigation, a plaintiff must show that an 'actual inaccuracy' exists in the reported information."). "Although the FCRA's reinvestigation provision, 15 U.S.C. § 1681i, does not on its face require that an actual inaccuracy exist for a plaintiff to state a claim, many courts, including our own, have imposed such a requirement." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010)

As Defendants note, McBride fails to identify any credit information provided by them that was or is inaccurate or misleading. She alleges that she took out loans while she was attending ITT, that ITT has since closed its doors, and that she has filed borrower defense applications with the Department of Education. While she alleges that ITT fraudulently induced her to take out her loans, she never contends that the information reported about those loans was incorrect in any way. ECF No. 1 ¶¶ 14–17; ECF No. 20 at 8. And while she claims that she made unspecified complaints to credit agencies for their "failure to accurately reflect the disputed status of the debt," ECF No. 20 at 8, she does not allege that the information reported by the agencies was or is actually false. That the CRAs may not have reported her disputes with her lenders does not provide a basis for a FCRA claim. "In the Ninth Circuit, credit reports are considered accurate under the FCRA where the credit reporting agencies correctly report information furnished by the creditor, even when there is a pending legal dispute between plaintiff and creditor as to the validity of the debt." *Stone v. Equifax Info. Servs. LLC*, No. 2:24-CV-00195-GMN-EJY, 2024 WL 4279384, at *3 (D. Nev. Sept. 23, 2024) (quotation and citation omitted). "A CRA is not required as part of its reinvestigation duties to provide a legal opinion on the merits [nor is it] obligated . . . to report any information about the disputed item simply because the consumer asserts a legal defense." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010).

McBride also argues that she sufficiently alleges an unreasonable reinvestigation claim. ECF No. 20 at 8–9. "[I]f there is no inaccuracy, then the reasonableness of the investigation is not in play." *Gross v. CitiMortgage, Inc.*, 33 F.4th 1246, 1251 (9th Cir. 2022). Accordingly, the Court dismisses this claim as well.

/ / /

**CONCLUSION**

For the reasons discussed above, the Court grants Experian and Equifax's motion to dismiss the complaint with leave to amend. McBride may file an amended complaint solely to cure the deficiencies identified in this order within 28 days of the date of this order. If McBride fails to file an amended complaint, the Court will dismiss these Defendants with prejudice.

McBride may wish to consult the resources available on the Court's website, https://cand.uscourts.gov/pro-se, for people who are representing themselves without a lawyer. She may also wish to seek assistance from the free Legal Help Center operated by the Bar Association of San Francisco. The Legal Help Center sets up appointments to speak with a lawyer for basic legal help, but it does not provide legal representation. Appointments can be scheduled by emailing fedpro@sfbar.org or by calling (415) 782-8982.

The case management conference scheduled for September 8, 2026 is continued to November 24, 2026. Updated case management statements are due November 17, 2026.

**IT IS SO ORDERED.**

Dated: September 4, 2026

JON S. TIGAR
United States District Judge